1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**EASTERN DISTRICT OF CALIFORNIA**

8
9
10

11  FAUSTO DIAZ-LOZANO,                )   Case No.: 1:22-cv-01403-SKO (HC)
                                      )
12              Petitioner,            )   ORDER DIRECTING CLERK OF COURT TO
                                      )   ASSIGN DISTRICT JUDGE
13        v.                          )
                                      )   FINDINGS AND RECOMMENDATION TO
14                                    )   DISMISS PETITION FOR LACK OF HABEAS
                                      )   JURISDICTION
15  B. M. TRATE, Warden, et al.,      )
                                      )
16              Respondents.          )   [THIRTY DAY OBJECTION DEADLINE]
                                      )
17  _____)

18        Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2241.  He filed the instant petition on November 1, 2022, challenging a

20  determination by the Bureau of Prisons denying him home confinement release.  Because the Court is

21  without jurisdiction to entertain his claims, the Court will recommend the petition be DISMISSED.

22  **I.      DISCUSSION**

23        A.  Preliminary Review of Petition

24        Rule 4 of the Rules Governing Section 2254 Cases[1] requires the Court to make a preliminary

25  review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it

26
27
28

---

[1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

1

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990).  The Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8.

      B.  <u>No Jurisdiction to Consider Home Confinement Decision</u>

      Title 18 of the United States Code, Section 3624(c)(2) provides that the Bureau of Prison's ("BOP") authority to release a prisoner "may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-136, enacted on March 27, 2020, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2).  On April 3, 2020, the Attorney General found such conditions existed, stating "emergency conditions [created by COVID-19] are materially affecting the functioning" of the BOP. <u>See</u> Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/1266661/download (last visited 11/2/2022). Thus, the BOP director now has the authority to grant home confinement to a larger group of prisoners. <u>Id</u>.

      Section 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP considers bed availability, the prisoner's security designation, his programming needs, his mental and medical health needs, his faith-based needs, recommendations of the sentencing court, other security concerns of the BOP, and the proximity to his primary residence. <u>Id</u>.

      Petitioner contends that the BOP officials at the Federal Satellite Prison Camp in Atwater, California, have wrongly denied him placement in home confinement based on his particular history and the statutory factors.  The Court lacks jurisdiction over this type of claim.  Federal statutes explicitly limit judicial review of the BOP's decision to place a prisoner in a particular prison or on

1    home confinement. <u>See</u> 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a

2    designation of a place of imprisonment under this subsection is not reviewable by any court."); 18

3    U.S.C. § 3625 (providing that the Administrative Procedures Act does "not apply to the making of any

4    determination, decision, or order under this subchapter.").  Interpreting these statutes, the Ninth Circuit

5    has held that a federal prisoner may file a habeas petition arguing that a placement decision "is

6    contrary to established federal law, violates the United States Constitution, or exceeds [the BOP's]

7    statutory authority," but the prisoner may not argue "that the BOP erred in [the petitioner's] particular

8    case." <u>Reeb v. Thomas</u>, 636 F.3d 1224, 1228 (9th Cir. 2011) (holding that BOP's discretionary

9    determination to expel prisoner from residential drug abuse program was not reviewable by district

10   court).

11          Petitioner appears to contend that he should be placed in home confinement because he fits the

12   eligibility criteria but the BOP has made factual errors in its determination in his particular case. This

13   Court lacks the authority to order the BOP to release Petitioner to home confinement based on these

14   types of factors. <u>See</u> <u>United States v. Oscar</u>, No. 19-cr-00021, 2021 WL 864948 at *3 (D. Or.  2021)

15   ("The decision whether to exercise this authority in a particular case and release a [prisoner] to home

16   confinement lies entirely with BOP; the court lacks the power to order that a prisoner be released to

17   home confinement, even under the CARES Act."); <u>see also</u> <u>Smith v. Von Blanckensee</u>, 2020 WL

18   4370954 at *2 (C.D. Cal. 2020) ("[T[his Court does not have the authority to order a transfer to home

19   confinement, under the CARES Act or otherwise. Congress gave the Attorney General, and by

20   designation the BOP, exclusive authority to determine custody placements including home

21   confinement.... Section 12003(b)(2) of the CARES Act authorizes only the BOP to determine whether

22   'to place a prisoner in home confinement under ... [18 U.S.C. §] 3642(c)(2).' "); <u>United States v.</u>

23   <u>Carlucci</u>, No. 10-CR-00464-01, 2020 WL 2527013 at *3 (D. Ariz. 2020) ("While the CARES Act

24   gives the BOP broad discretion to expand the use of home confinement during the COVID-19

25   pandemic, the Court lacks jurisdiction to order home detention under this provision."), <u>aff'd</u>, 848

26   Fed.Appx. 339 (9th Cir. 2021).  Because the Court lacks jurisdiction, the petition should be dismissed.

27   **II.     ORDER**

28          IT IS HEREBY ORDERED that the Clerk of Court assign a district judge to this case.

3

### III.   RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that the instant petition for writ of habeas corpus be DISMISSED with prejudice for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, Petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 2, 2022**                       /s/ Sheila K. Oberto
                                                          UNITED STATES MAGISTRATE JUDGE