1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11 FAUSTO DIAZ-LOZANO,                              No.  1:22-cv-01403-JLT-SKO (HC)

12                    Petitioner,                  ORDER ADOPTING FINDINGS AND
                                                   RECOMMENDATIONS
13                                                 (Doc. No. 4)

14        v.                                       ORDER DISMISSING PETITION FOR WRIT
                                                   OF HABEAS CORPUS, DIRECTING CLERK
15                                                 OF COURT TO ENTER JUDGMENT AND
                                                   CLOSE CASE
16 B. M. TRATE, Warden, et al.,
                                                   [NO CERTIFICATE OF APPEALABILITY IS
17                    Respondents.                 REQUIRED]

18

19

20        Petitioner Fausto Diaz-Lozano is a federal prisoner proceeding *pro se* and *in forma*

21 *pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was

22 referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

23 302.

24        On November 2, 2022, the assigned magistrate judge issued Findings and

25 Recommendations to dismiss the petition for lack of jurisdiction.  (Doc. No. 4.)  Those Findings

26 and Recommendations were served upon all parties and contained notice that any objections

27 thereto were to be filed within thirty (30) days after service.  On November 28, 2022, Petitioner

28 filed objections to the Findings and Recommendations.  (Doc. No. 6.)

1

1        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a

2   *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's

3   objections, the Court concludes that the Magistrate Judge's Findings and Recommendations are

4   supported by the record and proper analysis.

5        In his objections, Petitioner contends that the Court has jurisdiction to review for factual

6   errors the decision made by the BOP finding him ineligible for home confinement.  Petitioner is

7   incorrect. He cites several Third Circuit and District of New Jersey cases but none of them

8   provide authority for his assertion.  As noted by the magistrate judge, Petitioner cannot base a

9   federal habeas petition on the CARES Act. The CARES Act allows the Director of the BOP to

10  "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in

11  home confinement *under the first sentence of section 3624(c)(2) of title 18, United States Code*,

12  as the Director determines appropriate." CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020)

13  (emphasis added).  Thus, the BOP's determination remains discretionary and outside the scope of

14  a Section 2241 petition. *See* § 3624(c)(2) (This authority "*may* be used to place a prisoner in

15  home confinement," "to the extent practicable.") (emphasis added).  As the Seventh Circuit Court

16  of Appeals recently explained, "The [CARES] act expanded the [BOP]'s power to 'place a

17  prisoner in home confinement' . . . but reserved the determination of 'suitable candidates' for

18  home confinement to the Bureau . . . The act carved out no role for the courts in making such

19  determinations." *United States v. Williams*, Appeal No. 20-1947, 829 Fed. Appx. 138, 2020 WL

20  6604791, at *1 (7th Cir. Nov. 12, 2020) (citation omitted); *accord United States v. Brummett*,

21  Appeal No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) ("[T]o the extent that

22  Brummett sought relief under the CARES Act, the district court correctly held that the authority

23  to grant home confinement remains solely with the Attorney General and the BOP.").  The Ninth

24  Circuit has held that this type of discretion may not be challenged via a Section 2241 petition. *See*

25  *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("To find that prisoners can bring habeas

26  petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made

27  pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625."); *see*

28  *also Mohsen v. Graber*, 583 F. App'x 841, 842 (9th Cir. 2014) (holding a district court lacked

1  jurisdiction to consider a First Step Act claim in a Section 2241 petition) (applying *Reeb*, 636

2  F.3d at 1227–29).  Courts in this district have repeatedly held that this type of discretion cannot

3  be challenged in a § 2241 petition.  *See Khounmany v. Carvajal*, 2021 WL 2186218 at \*8 (N.D.

4  Cal. 2021) (BOP determination of eligibility under the CARES Act lies outside the scope of

5  § 2241); *United States v. Oscar*, 2021 WL 864948 at \*3 (D.Or. 2021) ("The decision whether to

6  exercise this authority in a particular case and release a defendant to home confinement lies

7  entirely with BOP; the court lacks the power to order that a prisoner be released to home

8  confinement, even under the CARES Act."); *Smith v. Von Blanckensee*, 2020 WL 4370954 at \*2,

9  *R. & R. adopted*, 2020 WL 4368060 (C.D. Cal. 2020) ("[T[his Court does not have the authority

10  to order a transfer to home confinement, under the CARES Act or otherwise. Congress gave the

11  Attorney General, and by designation the BOP, exclusive authority to determine custody

12  placements including home confinement. . . . Section 12003(b)(2) of the CARES Act authorizes

13  only the BOP to determine whether 'to place a prisoner in home confinement under . . . [18

14  U.S.C. §] 3642(c)(2).'"); *United States v. Carlucci*, 2020 WL 2527013 at \*3 (D. Ariz. 2020)

15  ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement

16  during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this

17  provision."), *aff'd*, 848 Fed. Appx. 339, 2021 WL 2029190 (9th Cir. 2021); *Cruz v. Jenkins*, 2020

18  WL 6822884 at \*3 (N.D. Cal. 2020) ("petitioner cannot base a federal habeas petition on the

19  CARES Act . . . . the BOP's determination remains discretionary and outside the scope of a

20  Section 2241 petition even if the petition purports to rely on the CARES Act").  Thus, the

21  magistrate judge correctly determined that the Court lacks jurisdiction to review the BOP decision

22  finding him ineligible for home confinement under the CARES Act.

23       In the event a notice of appeal is filed, a certificate of appealability will not be required

24  because this is not a final order in a habeas proceeding in which the detention complained of

25  arises out of process issued by a state court.  *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th

26  Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d

27  164, 166 (10th Cir. 1996).

28

3

1       Accordingly,

2       1.     The Findings and Recommendations issued on November 2, 2022, (Doc. No. 4),

3                  are **ADOPTED IN FULL**.

4       2.     The petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

5       3.     The Clerk of Court is directed to enter judgment and close the case.

6       4.     In the event a notice of appeal is filed, no certificate of appealability is required.

7       This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **December 5, 2022**

UNITED STATES DISTRICT JUDGE